UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CODY JOHN LADAIN CARLSON,<br><br>　　　　Defendant. | Case No. 2:21-cr-00217-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendant Cody Carlson's Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). Dkt. 44. The Government agrees "compassionate release is appropriate" under the circumstances. Dkt. 50, at 2.

Having reviewed the record and briefs, the Court finds the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).[1] Upon review, and for the reasons set forth below, the Court GRANTS Carlson's Motion.

---

[1] Although this is a criminal case, the local civil rule regarding hearings applies as there is no corresponding criminal rule. *See* Dist. Idaho Loc. Crim. R. 1.1(f) (explaining that "all general provisions of the Local Rules of Civil Practice apply to criminal proceedings unless such provisions are in conflict with or are otherwise provided for by the Federal Rules of Criminal Procedure or the Local Rules of Criminal Practice").

MEMORANDUM DECISION AND ORDER - 1

## II. BACKGROUND

In August 2021, a federal grand jury charged Carlson with possession with intent to distribute methamphetamine. Dkt. 1. Carlson pled guilty (Dkt. 19) and the Court sentenced him to 80 months imprisonment followed by five years of supervised release (Dkt. 39). Carlson is currently incarcerated at Atwater Federal Prison Camp ("USP Atwater") in California, and has an anticipated release date of November 7, 2026.

Prior to his incarceration, Carlson appointed his mother, Linda Krueger, as temporary guardian of his three children.

In 2024, Krueger was diagnosed with stage IV small cell lung cancer. After some initial success with treatment, Krueger's oncologist told her in February of this year that she likely had less than one year to live. At this point, Krueger has difficultly caring for herself, let alone taking care of three children.

Based upon these circumstances, Carlson filed a request with the Warden of USP Atwater seeking compassionate release. That request was denied. Accordingly, Carlson filed his Motion before the Court on April 28, 2025. Dkt. 44.

The Court set out its standard briefing schedule (Dkt. 45) but extended the deadlines on two occasions to accommodate counsel (Dkts. 47, 49). Notably, one of those extensions was so the Government could verify the information in Carlson's motion and ascertain whether it could agree to his request. *See* Dkt. 48.

Ultimately, the Government was able to verify all relevant information and has filed a response indicating Carlson's release is appropriate under the unique circumstances present here. *See generally* Dkt. 50. The Government does, however, request that the Court

increase the length of Carlson's supervised release to account for his early release from prison, and also that the Court order Carlson to attend aftercare treatment to ensure his continued sobriety and success. *Id*. at 2.

### III. LEGAL STANDARD

Carlson seeks compassionate release under the First Step Act ("FSA"), amended 18 U.S.C. § 3582(c)(1)(A), which allows a court to modify a sentence under certain circumstances. In order to grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies. *Id*. Next, a district court may grant compassionate release only if "extraordinary and compelling reasons warrant such a reduction," and the reduction is "consistent with applicable policy statements" issued by the U.S. Sentencing Commission.[2] *Id*. If the latter criteria are met, the district court must then consider the sentencing factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable. *Id*.; *United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019).

The Sentencing Commission's policy statements under U.S.S.G. § 1B1.13 state that "extraordinary and compelling reasons" include: (1) a defendant's serious medical condition; (2) a defendant's age combined with serious deterioration in physical or mental health due to the aging process; (3) a defendant's family circumstances where the defendant

---

[2] Congress did not define what constitutes "extraordinary and compelling" reasons; instead, it deferred consideration of the matter to the Sentencing Commission. *Rodriguez*, 424 F. Supp. 3d at 681 (citing 18 U.S.C. § 994(t) ("The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of Title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.")).

MEMORANDUM DECISION AND ORDER - 3

becomes the only available caregiver for a close relative; (4) a defendant's suffering abuse by an employee or contractor of the Bureau of Prisons (the "BOP"); (5) the defendant's subjection to an unusually long sentence where the defendant has already served at least ten years of the sentence; or (6) any other circumstance or combination of circumstances of similar gravity. *Id.* at § 1B1.13(b). The statements also assert that, before a sentence may be reduced, the Court must find the defendant is not a danger to the safety of any other person or to the community. *Id.* at § 1B1.13(a)(2).

Until recent amendments, U.S.S.G. § 1B1.13 addressed only motions brought by the Director of the BOP—and not those brought by defendants on their own behalf. *See United States v. Aruda*, 993 F.3d 797, 801–02 (9th Cir. 2021). To be sure, district courts were free to consult the policy statements as persuasive authority, but the Ninth Circuit made clear that the statements were not binding. *Id.* at 802. However, under recent amendments, U.S.S.G. § 1B1.13 expressly applies to motions brought by the BOP Director *and* to those brought by individual defendants. U.S.S.G. § 1B1.13(a). Along with its sister district courts in the Ninth Circuit, the Court understands these amendments to resolve the discrepancy highlighted in *Aruda*, and to make U.S.S.G § 1B1.13 binding. *See, e.g., United States v. Brugnara*, 2024 WL 332867, at *2 (N.D. Cal. Jan. 28, 2024); *United States v. Garcia Nava*, 2024 WL 221439, at *2 (S.D. Cal. Jan. 19, 2024); *United States v. Cunningham*, 2024 WL 50908 (D. Mont. Jan. 4, 2024); *United States v. Brown*, 2023 WL 8650290, at *3 (W.D. Wash. Dec. 14, 2023).

In any event, the catch-all clause at U.S.S.G. § 1B1.13(b)(5) affords the Court significant leeway in defining precisely what qualifies as an extraordinary and compelling

reason to warrant a reduction in sentence.

## IV. DISCUSSION

### A. Exhaustion of Administrative Remedies

The FSA allows a motion for modification to be made by either the Director of the BOP, or by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

As noted, Carlson requested compassionate release from the Warden at USP Atwater but was denied. Dkt. 43-4, 43-4. That was in November of 2024. Insofar as 30 days have elapsed since that denial, exhaustion is satisfied. The Court will proceed to the next stage of its inquiry.

### B. Extraordinary and Compelling Reasons

The Court must next consider whether "extraordinary and compelling reasons" warrant a permanent reduction in Carlson's sentence, and whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(ii). Carlson bears the burden of establishing extraordinary and compelling reasons exist to justify compassionate release. *United States v. Holden*, 452 F. Supp. 3d 964, 969 (D. Or. 2020).

Carlson argues release is necessary because he is the only available caregiver for his three children since his mother (the children's current caregiver) is dealing with aggressive cancer and will likely pass away before his release. The guidelines recognize

MEMORANDUM DECISION AND ORDER - 5

"the death or incapacitation of the caregiver of the defendant's minor child . . . " is an extraordinary and compelling reason that likely warrants a reduction in sentence. *See* U.S.S.G. § 1 B1.13(b)(3)(A).

Because the Government agrees with Carlson's request, the Court will not belabor its analysis. The circumstances here are both extraordinary and compelling and thus warrant compassionate release. However, a few things are worth noting for the record.

First, the Court expresses its sympathies to Carlson, Krueger, and their family and wishes them the best during this difficult time.

Second, Carlson has provided medical documentation of his mother's condition (Dkt. 43-2), as well as a detailed explanation for why all remaining family members are unable to care for his children at this time. *See* Dkts. 43-3; 43-6; 43-7; 43-9; 44, at 11–14.[3]

Third, Carlson has participated in programming and treatment (Dkt. 43-9) and has not had a single disciplinary issue while incarcerated (Dkt. 43-10).

Fourth, Carlson has been in federal custody since his arrest on June 3, 2022—or roughly 37 months. While this is only about half of the sentence the Court imposed, when "good time credit" is considered—as well as other applicable provisions from the FSA—Carlson is eligible for a residential reentry placement in November of this year (less than four months from now). What little punitive value the next four months would have on Carlson is outweighed by his family circumstances.

---

[3] For example, Carlson's father recently had a heart attack and cannot care for the children. Dkt. 43-7. Krueger's wife (who was originally listed as a co-guardian for the children) and Krueger are no longer together. Dkt. 44, at 13. The children's mother is not in the picture (*id.* at 11) and no other relatives can care for the children at this time. *Id.* at 11–12.

MEMORANDUM DECISION AND ORDER - 6

Fifth and finally, Carlson has been housed at a minimum-security facility and the BOP has opined that Carlson poses a low risk of recidivism. Dkt. 43-11.

For all these reasons, the Court finds Carlson's family circumstances qualify as extraordinary, that he has met his burden, and that a reduction in his sentence is appropriate.

**C. Applicable Policy Statements.**

Finally, the Court addresses whether granting Carlson's request for compassionate release would be consistent with applicable policy statements issued by the U.S. Sentencing Commission, as contained in 18 U.S.C. § 3553(a).

Carlson was convicted of a nonviolent drug offense. While serious, the nonviolent nature of the offense weighs against continued incarceration. As noted, Carlson has participated in treatment and programming while incarcerated, has a release plan, and poses a low risk to re-offend. The time Carlson has served thus far appears to have achieved the primary goals of sentencing—including punishment, deterrence, protection of the public, and rehabilitation.

For these reasons, the Court feels Carlson's continued incarceration is not necessary at this time, and further, that a reduction in his sentence would not be inconsistent with the relevant § 3553(a) factors.

## V. CONCLUSION

Carlson exhausted his administrative remedies and his motion before this Court is timely and appropriate. He has persuasively shown that his mother's cancer diagnosis and her inability to continue caring for his three children presents an extraordinary and compelling reason justifying release. Further, he has shown a reduction in his sentence will

not thwart the goals of 18 U.S.C. § 3553(a).

Weighing all relevant factors, the Court will reduce Carlson's sentence to time served with six years of supervised release.[4] The Court also orders that Carlson participate in aftercare treatment. If United States Probation feels any additional terms of supervised release are appropriate, it must notify the Court as soon as reasonably possible so that those can be imposed.

## VI. ORDER

The Court **HEREBY ORDERS**:

1. Carlson's Motion for Compassionate Release (Dkt. 44) is **GRANTED** as outlined above.

DATED: June 30, 2025

David C. Nye
Chief U.S. District Court Judge

---

[4] As noted, the Court originally imposed a five-year term of supervised release. Consistent with the Government's request, the Court will essentially exchange Carlson's final year of incarceration with an additional year of supervised release.